**James A. SEWELL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–1314.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

*ORDER*

James A. Sewell appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Sewell filed an application for social security disability insurance benefits alleging that he suffered from severe organic brain dysfunction, bilateral knee pain, diabetes, hypertension, and degenerative spine disorders. After a hearing, an administrative law judge (ALJ) determined that Sewell was not disabled because he could perform his previous type of work as an automotive paint gun cleaner. The Appeals Council declined to review the ALJ's determination. Sewell then filed a complaint seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Sewell contends that the ALJ erred by giving little weight to the assessment of Dr. Baker, a treating physician. Dr. Bak-

er felt that Sewell was permanently disabled due to his car/train accident in 1996. The ALJ stated that he gave little weight to Dr. Baker's opinion because the opinion referred only to Sewell's employer being unable to find him a "sit down job." The ALJ also noted that Dr. Baker's opinion that Sewell's condition had deteriorated was contrary to the objective medical evidence which showed Sewell's condition had stabilized and was improving. The ALJ also noted that although Sewell had significant arthritis in the knees requiring the use of braces and/or cane, Sewell was able to drive and perform sedentary activities.

The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). The Commissioner is not bound by the opinion of a treating physician when the opinion is not supported by any objective medical evidence. *See Cohn v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir.1992). As Dr. Baker's statement that Sewell was totally disabled is not supported by any objective medical evidence, it was not erroneous for the ALJ to give Dr. Baker's opinion little weight.

Sewell contends that the ALJ improperly discredited his testimony regarding pain. Credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). In rejecting Sewell's testimony, the ALJ stated that Sewell's daily activities included caring for his personal needs, driving, caring for his terminally ill mother, grocery shopping, cleaning, vacuuming, fixing meals, doing laundry, making household repairs, visiting relatives, watching movies, attending basketball games and car shows, caring for his son, playing card games, and reading. The ALJ determined that these activities were consistent with an individual who could perform sedentary work. Given the medical evidence and Sewell's daily activities, it was not improper for the ALJ to reject Sewell's testimony.

Finally, Sewell contends that the ALJ erred by concluding that he retained the residual functional capacity to perform his past relevant work. In addressing this issue, the ALJ stated that the medical evidence established that Sewell's impairments would not limit his ability to perform work. Based upon the hypothetical questions presented to the vocational expert, the vocational expert found that Sewell could perform his previous type of work as a paint gun cleaner. The vocational expert also identified several other jobs which Sewell could perform such as an assembler, inspector, security monitor, and cashier. Given his physical restrictions, the ALJ concluded that Sewell was not precluded from performing his previous type of work. As the medical evidence and Sewell's activities establish that he can perform his previous type of work as a paint gun cleaner, the ALJ's determination is supported by substantial evidence.

Accordingly, we affirm the district court's judgment.